UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STRIKE 3 HOLDINGS, LLC,
Plaintiff,

v.

JOHN DOE, subscriber assigned IP address 76.176.78.35,
Defendant.

Case No.: 26-cv-03749-JES-BJW

**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

**[ECF No. 4]**

Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") *ex parte* application for leave to serve a third-party subpoena prior to the conference held pursuant to Federal Rule of Civil Procedure 26(f) ("Motion"). No opposition was filed as no defendant has been named or served in this case. ECF No. 4. Strike 3 seeks to obtain the identity of the John Doe defendant ("Defendant"), the internet subscriber assigned IP address 76.176.78.35. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND

This case is one of many Plaintiff has filed in this district alleging copyright infringement by a John Doe defendant by using the BitTorrent file sharing system.[1] On June 25, 2026, Plaintiff filed a complaint against Defendant John Doe, subscriber assigned IP address 76.176.78.35. ECF No. 1. Plaintiff is the owner of a company that creates "award-winning, critically acclaimed adult motion pictures," which it distributes through its subscription-based "adult websites and DVDs." Compl. ¶¶ 2, 3; *see also* ECF No. 4-1 at 7. Plaintiff alleges that Defendant is using BitTorrent protocol to "steal[] these works on a grand scale," distribute the motion pictures to others, and commit copyright infringement. Compl. ¶ 4. Plaintiff alleges Defendant "has been recorded infringing 43 movies over an extended period of time." *Id.*

Plaintiff can identify Defendant only by Defendant's IP address: 76.176.78.35. Compl. ¶ 5; *see* ECF No. 4-1 at 7. Plaintiff has identified Spectrum, an internet service provider ("ISP"), as the owner of Defendant's IP address. ECF No. 4-1 at 7. Thus, Plaintiff requests the Court's leave to serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Spectrum, "only demand[ing] the true name and address of Defendant. ECF No. 4-1 at 8. Plaintiff claims that "[w]ithout this information," they "cannot serve Defendant nor pursue this lawsuit and protect its copyrights." *Id.*

---

[1] *See, e.g.*, 17-cv-02302-MMA-JLB; 18-cv-00042-CAB-JLB; 19-cv-02452-JAH-LL; 20-cv-00948 WQH-MSB; 21-cv-00591-CAB-MSB; 22-cv-00299-RBM-AGS; 23-cv-00940-AGS-MMP; 24-cv 00336-JLS-AHG; 25-cv-01652-H-DDL.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless the Court authorizes it. Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). "Requests for early or expedited discovery are granted upon a showing by the moving party of good cause." *Malibu Media, LLC v. John Does 1 through 16*, No. 12-CV-1847-AJB-DHB, 2012 WL 3809128, at *2 (S.D. Cal. Sept. 4, 2012) (citing *Columbia Ins.*, 185 F.R.D. at 578).

The Ninth Circuit has said that plaintiffs should be given an opportunity to identify unknown defendants through discovery, "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642. Courts apply a three-factor test to evaluate motions for early discovery to identify defendants. *Malibu Media, LLC v. John Does 1 through* 16, No. 12 CV-1847-AJB DHB, 2012 WL 3809128, at *2 (S.D. Cal. Sept. 4, 2012) (citing *Columbia Ins.*, 185 F.R.D at 578–80. First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Columbia Ins.*, 185 F.R.D. at 578. Second, the plaintiff must "identify all previous steps taken to locate the elusive defendant." *Id.* at 579. Third, the plaintiff must "establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.*

## III. DISCUSSION

Plaintiff seeks to serve an early subpoena on Spectrum to learn the identity of the user assigned to a specific IP address. For the reasons discussed below, Plaintiff has established good cause to do so.

### A. Identification of Missing Party with Sufficient Specificity

First, Plaintiff must identify the Doe defendant with sufficient specificity to establish that the defendant is a real person subject to this Court's jurisdiction. *See Malibu Media, LLC*, 2012 WL 3809128 at *3. Plaintiff has traced Defendant's IP address to San Diego using a geolocation technology called "MaxMind." ECF No. 4-1 at 12–13; ECF No. 4-2, Kennedy Decl., at 33. The declaration submitted with the instant motion by Strike 3's General Counsel asserts that Plaintiff traced Defendant's IP address to a location within this district on three occasions. ECF No. 4-2 at 33. Plaintiff further claims that, but for Defendant's use of a BitTorrent client, the alleged infringement would not have occurred. ECF No. 4-1 at 12.

The Court finds that Plaintiff has sufficiently identified the anonymous defendant by demonstrating that the Doe defendant is likely a real person associated with IP address 76.176.78.35 and is likely located in the Southern District of California. *See Strike 3 Holdings, LLC v. Doe*, No. 25-CV-1652-H-DDL, 2025 WL 2309018, at *2–3 (S.D. Cal. July 30, 2025) (finding similar facts sufficient to identify an anonymous defendant).

### B. Previous Attempts to Locate Defendant

Second, Plaintiff must identify all prior steps it has taken to identify the defendant. *Columbia Ins.*, 185 F.R.D. at 579. Plaintiff states that it has sought to "correlate Defendant's IP address to Defendant" by using online search engines, reviewing public records, and consulting with computer investigators and cybersecurity consultants. ECF No. 4-1 at 14. Nevertheless, "Strike 3 has been unable to identify any other way to go about obtaining the identities of its infringers and does not know how else it could possibly enforce its copyrights against illegal piracy over the internet." *Id.* The Court

finds that Plaintiff has attempted to determine Defendant's identity but has been unable to do so.

**C. Ability to Withstand a Motion to Dismiss**

Third, the Court must determine whether Plaintiff has established that it could withstand a motion to dismiss. *Columbia Ins.*, 185 F.R.D. at 579–80. Plaintiff alleges a single count of direct copyright infringement. Compl. at 8. A copyright infringer is "[a]nyone who violates any of the exclusive rights of the copyright owner." *Bell v. Wilmott Storage Servs.*, LLC, 12 F.4th 1065, 1080 (9th Cir. 2021) (quoting 17 U.S.C. § 501(a)). To prove direct copyright infringement, "a plaintiff 'must show ownership of the allegedly infringed material' and 'demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.'" *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). A claim for direct infringement also requires "volitional conduct," or proximate causation. *See id.* at 666–67.

Plaintiff alleges that it owns the works at issue and that Defendant copied and distributed those works without authorization or consent. Compl. ¶¶ 30, 34, 35, 44, 47–49. Plaintiff further alleges that Defendant affirmatively engaged in this conduct using the BitTorrent network. Compl. ¶¶ 18–26, 33–35. The Court finds that Plaintiff has alleged a prima facie case of direct copyright infringement sufficient to withstand a motion to dismiss. *See Strike 3 Holdings, LLC v. Doe*, No. 17CV2317-JAH-BLM, 2017 WL 6389848, at *3 (S.D. Cal. Dec. 14, 2017) (citing *Columbia Ins.*, 185 F.R.D. at 579–80).

**IV. LIMITED PROTECTIVE ORDER**

The Court is empowered to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Plaintiff states that it agrees with courts that have imposed orders protecting defendants' identities in these matters, that doing so "comports with Strike 3's policy of respecting privacy[,]" and that Plaintiff "would not oppose" such an order here. ECF No.

4-1 at 18. The Court finds good cause to enter a limited protective order permitting Defendant to proceed pseudonymously as "John Doe" for the 60 days following service of the summons and complaint. *See Strike 3 Holdings, LLC v. Doe*, No. 23-CV-01558-H-MSB, 2024 WL 253632, at *2–3 (S.D. Cal. Jan. 23, 2024) (weighing the parties' concerns and the public interest and finding a limited protective order appropriate); *see also Strike 3 Holdings, LLC v. Doe*, No. 22-CV-00296-LL-JLB, 2022 WL 935267, at *5 (S.D. Cal. Mar. 29, 2022) (imposing a limited protective order to prevent the possibility of any "unscrupulous tactics" to shake down IP address owners).

## V. CONCLUSION

Plaintiff is granted leave to serve a Rule 45 subpoena on Spectrum. The subpoena shall be limited to obtaining the name and physical address of the individual assigned IP address 76.176.78.35. It must include a copy of this Order and allow Spectrum at least forty-five (45) days to comply.

Pursuant to 47 U.S.C. § 551(c)(2)(B), Spectrum shall, within fourteen (14) days of being served with the subpoena, provide a copy of this Order to the individual assigned IP address 76.176.78.35. Defendant Doe shall have twenty-one (21) days from receipt of this Order to file any challenge to the subpoena. If Spectrum elects to move to quash the subpoena, it must do so before the compliance deadline and without disclosing the information sought.

**IT IS SO ORDERED.**

Dated: November 3, 2026.

Hon. Brian J. White
United States Magistrate Judge